**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4197**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROBERT NATHANIEL TINSLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Glen E. Conrad, Chief District Judge.  (3:12-cr-00020-GEC-BWC-1)

Submitted: October 16, 2013              Decided: October 29, 2013

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Lloyd Snook, III, SNOOK & HAUGHEY, P.C., Charlottesville, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Robert Nathaniel Tinsley pled guilty without a plea agreement to distribution of cocaine base and possession with intent to distribute over twenty-eight grams of cocaine base, 21 U.S.C. § 841(a)(1) (2006). He was sentenced to 138 months on each count; the sentences run concurrently. Tinsley now appeals, arguing that his sentence is unreasonable.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). As part of this review, we must consider whether the district court adequately explained the selected sentence. Id. In this regard, the district court "must place on the record an individualized assessment based on the particular facts of the case." United States v. Carter, 564 F.3d 321, 330 (4th Cir. 2009) (internal quotation marks omitted).

Tinsley's Guidelines range was 262-327 months. In imposing sentence, the district court granted the Government's substantial assistance motion. The chosen sentence was less than the 150-month sentence the Government argued for but greater than the sentence of no more than 115 months that Tinsley requested. The court stated that it considered the 18 U.S.C. § 3553(a) (2006) factors when imposing sentence. Among the factors discussed by the court in sentencing Tinsley were

2

his need for drug treatment, his age, the need to deter similar conduct by others, and Tinsley's extensive criminal history.

Tinsley claims that his sentence is unreasonable because the court focused too heavily on his criminal record when discussing the need to promote respect for the law. We disagree. The weight given to any § 3553(a) factor lies within the discretion of the trial court. United States v. Barrington, 648 F.3d 1178, 1204 (11th Cir. 2011). In Gall, the Supreme Court observed that the sentencing court did not commit reversible error simply because it "attached great[er] weight" to one sentencing factor. Gall v. United States, 552 U.S. at 56-57. However, "unjustified reliance upon any one . . . factor is a symptom of an unreasonable sentence" warranting reversal if the court "focused single-mindedly on [that factor] to the detriment of all of the other sentencing factors." United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006); see also United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006).

Our review of Tinsley's sentencing proceeding reveals that the district court did not rely unjustifiably on Tinsley's record. Rather, the court simply, in its discretion, gave that factor greater weight than it did other factors such as Tinsley's age, his need for drug treatment, and the need to deter similar conduct by others. We conclude that the sentence is procedurally and substantively reasonable, and we affirm.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>